# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TERANCE VALORE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Consolidated Actions: |
| | ) | 03-cv-1959 (RCL) |
| v. | ) | 06-cv-516 (RCL) |
| | ) | 06-cv-750 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) | 08-cv-1273 (RCL) |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SECOND ORDER CONCERNING 28 U.S.C. § 1610(c)

On March 31, 2010, the Court entered judgment in these consolidated cases,[1] which arise from the 1983 bombing of the U.S. Marine barracks in Beirut, Lebanon, by members of the terrorist organization Hezbollah.  Order and Judgment, Mar. 31, 2010 [60].[2]  At that time, the Court directed plaintiffs to, "at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of the Memorandum Opinion and Order and Judgment . . . to defendants."  Order, Apr. 15, 2010 [62].  Nearly a week ago, the Court received a letter from the Office of Policy Review and Interagency Liaison at the U.S. State Department indicating that defendants were served with final judgment in this action, effective March 2, 2011.  Affidavit of Service, June 2, 2011 [83].  Based on this evidence, plaintiffs request that the Court find that "a reasonable period of time has elapsed following the entry of judgment" and that "a copy of the Revised Order and Judgment has been served upon" defendants.  Renewed Motion for Entry of Order Pursuant to 28 U.S.C. § 1610(c), June 7, 2011 [84].  Under applicable provisions of the

---

[1] The cases affected by this Order include *Valore v. Islamic Republic of Iran*, No. 03 Civ. 1959, *Arnold v. Islamic Republic of Iran*, No. 06 Civ. 516, *Spencer v. Islamic Republic of Iran*, No. 06 Civ. 750, and *Bonk v. Islamic Republic of Iran*, No. 08 Civ. 1273.

[2] Several months later, the Court revised its final judgment after receiving additional evidence and support on behalf of particular plaintiffs.  Revised Order and Judgment, Sep. 20, 2010 [71].

Foreign Sovereign Immunities Act ("FSIA"), "[n]o attachment or execution" to enforce final judgment may be undertaken absent such a determination by the Court. 28 U.S.C. § 1610(c). In other words, plaintiffs now seek the Court's leave to attempt enforcement of the final judgments in these consolidated actions.

Section 1610(c) declares that the Court shall not permit enforcement of a default FSIA judgment until it has determined that "a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." 28 U.S.C. § 1610(c). By the plain terms of this provision, defendants must receive notice of any judgment against them before plaintiffs may attempt to enforce any damages award. This process of providing defendants notice of final judgment under the FSIA is governed by the same substantive procedures that govern service of process under the Act. *See* 28 U.S.C. § 1608(e) (directing that "default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section"). The reference in this provision to 'the manner prescribed for service in this section' refers to the instructions found in § 1608(a), which "prescribes four methods of service, in descending order of preference. Plaintiffs must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 52 (D.D.C. 2008). These methods include service (1) "in accordance with any special arrangement . . . between the plaintiff and the foreign state," (2) "by delivery . . . in accordance with an applicable international convention," (3) "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt," and (4) "by sending two copies" to the U.S. Department of State, which "shall transmit one copy of the papers through diplomatic channels to the foreign

state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted." 28 U.S.C. § 1608(a)(1)–(4).

     Here, there is no special arrangement for service between the parties, and defendant is not party to any applicable international convention on service of judicial documents. *See* Hague Conf. on Private Int'l Law, Status Table, http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited June 8, 2011) (not listing Iran as signatory to the Hague Convention). In addition, in January of this year the Court entered an Order permitting plaintiff to proceed with service by diplomatic means after more than three months had passed since the judgment was mailed and neither plaintiffs nor the Court were aware of the status of that mailing. Order Concerning Service of Final Judgment, Jan. 21, 2011 [78]. Accordingly, plaintiffs were entitled to serve the final judgment through diplomatic channels, and the record now reflects that such service has been completed.

     Finally, the Court finds that a reasonable period of time has elapsed sufficient for entry of an order pursuant to § 1610(c). As an initial matter, default judgment was entered over a year ago, and notice of that judgment was provided by diplomatic note more than four months ago. The Court finds no basis in the FSIA to suggest that any longer period is needed, particularly in comparison to the period of time—60 days, 28 U.S.C. § 1608(e)—that a foreign sovereign is given to respond to initial service of a complaint and summons under the Act. Moreover, a period of a few months is consistent with the length of time that other courts have previously deemed sufficient under the FSIA. *See Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (collecting cases to conclude "that other courts have found periods such as two or three months sufficient to satisfy section 1610(c)'s requirements" and separately determining that six weeks was acceptable). For these reasons, the Court finds that

the defendants have been given a sufficient period of time to act following notice of the default judgment against them, and that plaintiff may therefore seek execution of its judgment as permitted by § 1610 of the FSIA. Accordingly, it is hereby

ORDERED that plaintiffs' Renewed Motion for Entry of Order Pursuant to 28 U.S.C. § 1610(c), June 7, 2011 [84] is GRANTED; it is furthermore

ORDERED that a reasonable period of time has elapsed following the entry of the March 31, 2010 Judgment and the giving of notice of such Judgment under 28 U.S.C. § 1608(e), which occurred on March 2, 2011; it is furthermore

ORDERED that plaintiffs, now judgment creditors, are authorized to pursue attachment in aid of execution of the March 31, 2010 Judgment as permitted by 28 U.S.C. § 1610.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on June 8, 2011.